**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: | ) Case No. 13-20842 CMB |
| | ) |
| William John Monsour, | ) Chapter 11 |
| Debtor, | ) |
| | ) Adversary Case No. |
| William John Monsour, | ) |
| Plaintiff, | ) Document No. |
| vs. | ) |
| Suntrust Mortgage; Green Tree Servicing, | ) |
| Defendants. | ) |

**COMPLAINT TO DETERMINE SECURED STATUS
PURSUANT TO 11 U.S.C. §506**

**AND NOW,** come the Debtor, by and through their attorneys, CALAIARO &

CORBETT, P.C., and Donald R. Calaiaro, and present the following:

1.      This case was commenced on February 28, 2013, by the filing of a voluntary

petition under Chapter 11 of the Bankruptcy Code.

**Jurisdiction and Venue**

2.      The Court has jurisdiction over this matter under 28 U.S.C. §1334.

3.      This is an adversary action arising in the bankruptcy case and jurisdiction is in

the Western District of Pennsylvania under 28 U.S.C. §1408 (1).

4.      This is a core matter as defined by 28 U.S.C. §157(b)(2)(K).

5.      The Plaintiff is a Debtor-in-Possession and has the authority to bring this action

pursuant to 11 U.S.C. §1107.

**Background**

6.      The Defendants are creditors of the Plaintiff who hold liens against real estate

owned by him.

7.      The Debtor owns a property at 725 Shawnee Lane a/k/a R.D. #2 Weller Road, Ligonier, PA 15658 and it is the property of the estate.

8.      725 Shawnee Lane has a mixed use. The Debtor operates his business offices at that location and he occupies the structure

9.      725 Shawnee Lane is subject to a first mortgage by Suntrust Mortgage. At the time of filing, Suntrust Mortgage had an approximate payoff of $691,560.86 as per the filed Motion for Relief From Stay by Suntrust Mortgage at docket #50.

10.      725 Shawnee Lane is subject to a second mortgage by National City Bank, now Green Tree Servicing. At the time of filing, Green Tree Servicing had an approximate payoff of $102,975.56 as per the filed Proof of Claim #3. This mortgage dated April 30, 2007, was in the face amount of $103,000.00. This mortgage was recorded in the Recorder's Office of Westmoreland County, Pennsylvania at Instrument # 200705080021420 on May 8, 2007.

11.      The Defendant, Suntrust Mortgage, accepts service care of Jeremy Kobeski, Esq., Phelan Hallinan, LLP, Omni William Penn Office Tower, 555 Grant Street, Suite 360, Pittsburgh, PA 15219.

12.      The Defendant, Green Tree Servicing, accepts service at 7340 S. Kyrene Road T-120, Tempe, AZ 85283.

13.      The Debtor, the Plaintiff, has valued that real estate at 725 Shawnee Lane at $500,000.00 but he reserves the right to modify the value after obtaining an appraisal.

14.      The Defendants' claims exceeded the value of the collateral at the time of filing the Chapter 11 and the Defendant, Suntrust Mortgage's, first mortgage is partially secured and the Defendant, Green Tree Servicing's, second mortgage is unsecured.

15.      The Bankruptcy Code permits Debtors to bifurcate under-secured claims into

secured and unsecured amounts and discharge any lien that is not secured when the loan is secured by something other than exclusively residential real estate.

16.     Bankruptcy Code § 506(a) provides that:

> "An allowed claim of a creditor secured by a lien on property in which the estate has an interest…is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property…and is an unsecured claim to the extent that the value of such creditor's interest …is less than the amount of such allowed claim." 11 U.S.C. § 506(a).

17.     Consistent with Bankruptcy Code § 506(a) and the decision of the Third Circuit Court of Appeals in the case of **In re McDonald, 205 F.3d 606 (3rd Cir. 2000),** because the mortgage is under secured relative to the Real Property, located at 725 Shawnee Lane, the Defendant, Suntrust Mortgage, is a holder of a partially secured claim on the Debtors' Real Estate at 725 Shawnee Lane and, as such, holds a secured and unsecured claim as to their mortgage.  See McDonald at p. 612.

18.     11 U.S.C. §506 permits the lien of the Defendant to be retained only to the secured portion.

19.     The Debtor believes that the Defendant, Suntrust Mortgage, first mortgage is partially secured.

20.     The Debtor believes that the Defendant, Green Tree Servicing's, second mortgage is unsecured.

21.     The adequate protection payments made by the Debtors during the Chapter 11 case should be credited to the principal of the first mortgage of Suntrust Mortgage.

**WHEREFORE**, the Debtor requests that this Honorable Court determine that Suntrust Mortgage's first mortgage should be partially secured to the extent of the value on

the real estate located at 725 Shawnee Lane and that the second mortgage of Green Tree

Servicing is fully unsecured.

**Respectfully submitted,**

**DATED:** July 17, 2013             **BY:** /s/ Donald R. Calaiaro
**Donald R. Calaiaro, Esquire, PA I.D. #27538**
**dcalaiaro@calaiarocorbett.com**
**Francis E. Corbett, Esquire, PA I.D. #37594**
**fcorbett@calaiarocorbett.com**
**David Z. Valencik, Esquire, PA I.D. #308361**
**dvalencik@calaiarocorbett.com**
**CALAIARO & CORBETT, P.C.**
**310 Grant Street, Suite 1105**
**Pittsburgh, PA  15219-2230**
**(412) 232-0930**